***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted July 15, affirmed September 8, 2022

In the Matter of B. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. B.,
*Appellant.*

Umatilla County Circuit Court
19JU08413; A177965

Robert W. Collins, Jr., Judge.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this juvenile dependency case, mother appeals the juvenile court's order denying her motion to dismiss jurisdiction over her 14-year-old son, raising three assignments of error. We affirm.

In her first assignment, mother contends that the juvenile court erred in failing to dismiss the jurisdictional basis that "mother's substance abuse interferes with her ability to safely parent the child." DHS concedes the error, and we accept the concession. As the juvenile court acknowledged, mother has successfully maintained sobriety since beginning treatment at the start of this case. Her success resolves that basis for jurisdiction. That would ordinarily require reversal, but we have been alerted that the juvenile court has since dismissed the case entirely, which obviates the need to reverse on that ground.

In her second and third assignments of error, mother challenges the juvenile court's failure to dismiss the remaining jurisdictional basis that "mother was not protective of the child from exposure to violence and requires agency assistance to address elements of domestic violence that exist in the home." Although mother has made progress in eliminating physical and sexual violence from the home, there continue to be intense arguments and emotional violence in child's presence, and the evidence supports the trial court's conclusion that exposure to those incidents is seriously detrimental to the child's well-being because of the trauma he experienced in the past. *See Dept. of Human Services v. C. A. M.*, 294 Or App 605, 615, 432 P3d 1175 (2018) ("The key inquiry in determining whether conditions or circumstances warrant jurisdiction is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child." (Citation omitted.)). The trial court therefore did not err in continuing jurisdiction on that basis.

Affirmed.